790 So.2d 1164 (2001)
Laron A. MINGO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1536.
District Court of Appeal of Florida, Second District.
July 13, 2001.
SALCINES, Judge.
Laron Mingo challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] The trial court denied the motion as untimely filed. We reverse the trial court's order and remand with instructions to the trial court to address the claims raised in the motion.
On January 25, 2001, Mingo filed his 3.850 motion challenging the voluntariness of his pleas in four cases. The trial court noted that the written judgments and sentences in those cases were rendered on January 19, 1999, and found the motion to be untimely filed. Rule 3.850(b) states that no "motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case." If there is no appeal, a "judgment and sentence do not become `final' for purposes of the rule until the thirty-day period for filing an appeal expires." Ramos v. State, 658 So.2d 169, 170 (Fla. 3d DCA 1995). In the present case, Mingo's judgments and sentences did not become final until February 19, 1999. Thus Mingo's 3.850 motion was timely filed on January 25, 2001.
Reversed and remanded with instructions.
PARKER, A.C.J., and CASANUEVA, J., Concur.
NOTES
[1] Mingo filed his pleading as a petition for writ of error coram nobis. The trial court properly treated it as a motion filed pursuant to Florida Rule of Criminal Procedure 3.850.