866 So.2d 774 (2004)
William Don WOFFORD, Petitioner,
v.
STATE of Florida and James V. Crosby, Jr., Secretary, Florida Department of Corrections, Respondents.
No. 1D03-3238.
District Court of Appeal of Florida, First District.
March 1, 2004.
William Don Wofford, petitioner, pro se.
Charlie Crist, Attorney General, and Barbara J. Yates, Assistant Attorney General, Tallahassee, for respondents.
*775 PER CURIAM.
William Don Wofford seeks a belated appeal of an order of the circuit court denying his motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(l). In his sworn petition, Wofford alleges that he informed his appointed counsel, Craig J. Martin, of his desire to appeal any adverse ruling on his motion, but that counsel failed to timely initiate an appeal. Moreover, Wofford notes that he was not personally served a copy of the trial court's order denying his motion and alleges that he was unaware of its existence until more than three months after its rendition.
We issued an order to show cause, and in response, the state informed us that Mr. Martin had failed to respond to its request that he provide an affidavit concerning the allegations of the petition. Accordingly, we granted the state's motion to compel Mr. Martin to furnish such a response, and directed that he do so within a time certain. However, counsel has failed to respond, and in light of that fact, the state indicates that it will interpose no objection to the granting of a belated appeal.
Accordingly, Wofford's petition seeking belated appeal is granted. The belated appeal shall proceed as seeking review of the underlying judgment and sentence entered on or about September 19, 2000, in Duval County case number 00-589-CF-A, rendition of which was postponed pending rendition of the April 15, 2003, order denying Wofford's timely motion to withdraw plea pursuant to rule 3.170(l). See Fla. R.App. P. 9.020(h); see also Wofford v. State, 819 So.2d 891 (Fla. 1st DCA 2002). Upon issuance of mandate in this cause, a copy of this opinion shall be provided to the clerk of the circuit court for treatment as a notice of appeal. See Fla. R.App. P. 9.141(c)(5)(D). If Wofford qualifies for the appointment of counsel at public expense, the trial court shall appoint counsel to represent him on appeal.
We note that this is not the first time Mr. Martin has failed to comply with an order of this court. Recently, we reprimanded him and referred the matter to the Florida Bar when, as here, he ignored an order directing him to address the allegations of a pending petition for belated appeal. See Orstad v. State, 860 So.2d 524 (Fla. 1st DCA 2003). Based on his failure to respond to our order granting the state's motion to compel in this case, we once again refer Craig J. Martin to the Florida Bar for its determination of whether professional discipline is warranted on this account as well.
ERVIN, DAVIS and BROWNING, JJ., concur.