903 So.2d 264 (2005)
Laine A. JUMPER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5468.
District Court of Appeal of Florida, Second District.
May 25, 2005.
*265 SILBERMAN, Judge.
Laine A. Jumper appeals the trial court's dismissal of his refiled motion for postconviction relief and his three supplemental motions, all filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the trial court's dismissal of the refiled motion and the first supplemental motion, but we affirm the dismissal of the second and third supplemental motions.
Jumper was convicted and sentenced for first-degree murder. The judgment became final when this court issued its mandate affirming his conviction on March 28, 2000. On March 26, 2002, Jumper filed a motion for postconviction relief. On April 25, 2002, the trial court dismissed the motion for lack of a proper oath. The order stated that Jumper could refile a legally sufficient motion.
On May 8, 2002, Jumper filed a motion seeking rehearing or clarification as to the time in which he could refile his postconviction motion. On May 30, 2002, the trial court entered an order granting the motion for rehearing or clarification. The order stated that "the law is clear that a refiled postconviction motion that merely corrects a technical deficiency is not subject to the two-year limitation" of rule 3.850, and it reiterated that the earlier dismissal was without prejudice to Jumper filing a properly sworn motion for postconviction relief. The order did not specify a filing deadline.
On January 29, 2003, Jumper refiled his motion for postconviction relief. In December 2003 he filed his first supplemental motion, and in 2004 he filed his second and third supplemental motions. On November 4, 2004, the trial court summarily denied all of Jumper's motions as untimely.
Because the trial court's orders of April 25, 2002, and May 30, 2002, placed no *266 limitation on when Jumper could refile his postconviction motion, we conclude that the trial court erred by dismissing the motion and the first supplemental motion. In Mendes v. State, 770 So.2d 202 (Fla. 4th DCA 2000), the Fourth District reversed the trial court's summary dismissal of an amended motion for postconviction relief as untimely. Mendes had been given leave to file an amended motion, but there was no limitation on when the amended motion could be filed. Mendes filed his amendment almost eight months after leave had been granted. The Fourth District concluded that the amendment was not time barred. Id.
Here, the trial court's orders did not specify a date by or place a limitation on when Jumper had to refile his postconviction motion, and the May 2002 order specifically acknowledged that Jumper had asked for clarification as to the time limit for refiling his motion. Jumper refiled his motion eight months after entry of the clarification order and nine months after entry of the original order. Under these circumstances and consistent with the Mendes rationale, we reverse the order dismissing the refiled motion. Further, because Jumper's first supplemental motion merely enlarged the issues already raised in the refiled motion, the trial court should not have dismissed it as time barred. See Lanier v. State, 826 So.2d 460, 461 (Fla. 1st DCA 2002).
Jumper's second and third supplemental motions asserted new claims and did not simply expand upon the issues that he had already raised. Thus, we conclude that the trial court properly dismissed those supplemental motions as untimely. See id.
Accordingly, we reverse the trial court's order dismissing Jumper's refiled motion for postconviction relief and his first supplemental motion. On remand, the trial court must consider those motions on the merits. We affirm the trial court's order dismissing Jumper's second and third supplemental motions.
Affirmed in part; reversed and remanded in part.
NORTHCUTT and VILLANTI, JJ., Concur.