911 So.2d 849 (2005)
Patrick SMALLWOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1358.
District Court of Appeal of Florida, First District.
September 16, 2005.
Appellant, pro se.
Charlie Crist, Jr., Attorney General, Tallahassee, for Appellee.

*850 ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of the appellant's motion for rehearing, we withdraw the original opinion and issue the following opinion.
The appellant challenges the trial court's order denying his motion alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the trial court improperly denied the appellant's first claim, that his counsel misadvised him of the length of his sentence, as untimely, we reverse its ruling. Although the trial court likewise erroneously denied the entire motion as untimely, all other issues are affirmed without further discussion because the claims were facially insufficient. See Robertson v. State, 829 So.2d 901, 906-07 (Fla.2002).
A timely motion to withdraw plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170 delays rendition of the final order imposing judgment and sentence until the trial court files a signed, written order disposing of the motion. Fla. R.App. P. 9.020(h); see Wofford v. State, 866 So.2d 774, 775 (Fla. 1st DCA 2004). Therefore, the appellant's timely motion to withdraw his plea delayed rendition of his judgment and sentence and the instant motion was timely filed within two years.
The appellant's claim is facially sufficient: he alleges his counsel proffered misadvice about the length of his sentence and he would not have pled but for counsel's misadvice. See Brazeail v. State, 821 So.2d 364, 368 (Fla. 1st DCA 2002); Ash v. State, 767 So.2d 1260, 1261 (Fla. 1st DCA 2000).
We, therefore, reverse the trial court's summary denial of the appellant's first claim and remand to address the claim on the merits or attach record portions conclusively refuting his claim. All other issues are affirmed without comment.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
KAHN, C.J., BROWNING and THOMAS, JJ., concur.