950 So.2d 1274 (2007)
Allan W. BRIGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3388.
District Court of Appeal of Florida, Second District.
March 21, 2007.
Bruce G. Howie, Bruce G. Howie, P.A., Clearwater, for Appellant.
KELLY, Judge.
Allan W. Brigham filed this appeal after the postconviction court dismissed as untimely his amended motion filed pursuant to Florida Rule of Criminal Procedure 3.850 to vacate the judgments and sentences entered in circuit court cases CRC01-01161CFANO-M and CRC02-09197CFANO-M. The motion was not untimely with respect to case CRC01-01161CFANO-M; accordingly, we reverse the dismissal in that case. However, we affirm the dismissal with respect to case CRC02-09197CFANO-M because the judgment and sentence in that case are not final; consequently, Brigham's motion is premature.
Case CRC01-01161CFANO-M
The judgment and sentence Brigham sought to vacate in this case became final on November 4, 2002. See Mingo v. State, 790 So.2d 1164 (Fla. 2d DCA 2001) (stating that a judgment and sentence becomes final for purposes of the two-year period for filing a motion for postconviction relief when the thirty-day period for filing an appeal expires). Brigham, through counsel, timely moved to vacate the judgment and sentence pursuant to *1275 rule 3.850 raising seven claims for relief. On February 1, 2005, the postconviction court summarily denied one claim and summarily dismissed the remaining claims as facially insufficient. The order stated that Brigham could amend the facially insufficient claims. The order did not specify a deadline within which to file the amended motion.
Approximately a year later, Brigham, through counsel, filed his amended motion. The postconviction court dismissed Brigham's amended motion as untimely because it was filed more than two years after his judgment and sentence became final. However, because the postconviction court's February 1, 2005, order gave leave to amend and did not place a deadline on when Brigham could refile his motion, the court erred in dismissing the amended rule 3.850 motion as untimely. See Jumper v. State, 903 So.2d 264, 265-66 (Fla. 2d DCA 2005) (holding that rule 3.850 motion was not time barred where the order did not place any time limitation on when the defendant would refile his rule 3.850 motion); see also Mendes v. State, 770 So.2d 202 (Fla. 4th DCA 2000) (reversing the dismissal of an amended rule 3.850 motion as untimely because the order giving the defendant leave to file an amended motion placed no time limitation on when the amended motion could be filed). Accordingly, we reverse the June 21, 2006, order dismissing the amended rule 3.850 motion in case CRC01-01161CFANO-M.
Case CRC02-09197CFANO-M
In October 2002, after the court sentenced Brigham in this case, Brigham, through counsel, filed a timely motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(l). The trial court never ruled on that motion. Then, in October 2004, Brigham, through counsel, moved pursuant to rule 3.850 to vacate his judgment and sentence. The postconviction court dismissed portions of the motion with leave to amend just as it had done with Brigham's motion in case CRC01-01161CFANO-M, and when Brigham filed his amended motion, it met the same fate as the amended motion he filed in case CRC01-01161CFANO-M. In this case, however, we conclude that the dismissal was proper, although not for the reason given by the court.
Although the court dismissed the amended motion as untimely because it concluded Brigham waited too long to file the motion, we conclude that Brigham filed the motion too soon rather than too late. In pertinent part, rule 3.850(b) states that "[a] motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a non-capital case. . . ." Implicit in the rule is the requirement that the judgment and sentence be final before the motion is filed. Brigham's judgment and sentence have yet to become final, however, because "[a] timely motion to withdraw plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170 delays rendition of the final order imposing judgment and sentence until the trial court files a signed, written order disposing of the motion." Smallwood v. State, 911 So.2d 849, 850 (Fla. 1st DCA 2005); see also Fla. R.App. P. 9.020(h). Because Brigham's motion was premature, we affirm the court's dismissal with respect to case CRC02-09197CFANO-M. On remand, the court shall rule on Brigham's November 4, 2002, motion to withdraw plea. In the future, should Brigham file another rule 3.850 motion directed to the October 2002, judgment and sentence in case CRC02-9197CFANO-M, *1276 that motion shall not be deemed successive.[1]
Reversed in part, affirmed in part.
ALTENBERND and LaROSE, JJ., Concur.
NOTES
[1] This applies to the dismissed claims as well as to any claims that were disposed of on the merits by the postconviction court's February 1, 2005, order.