961 So.2d 1098 (2007)
Scott HABER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-144.
District Court of Appeal of Florida, Second District.
August 1, 2007.
NORTHCUTT, Chief Judge.
In February 2006, Scott Haber filed a timely motion to withdraw his plea after he admitted violating probation and was sentenced to five years in prison for battery on a disabled person. The trial court struck the motion on the ground that Mr. Haber was represented by an attorney and did not request withdrawal of counsel, citing Sharp v. State, 884 So.2d 510, 511-12 (Fla. 2d DCA 2004), and Mourra v. State, 884 So.2d 316, 321 (Fla. 2d DCA 2004).
Mr. Haber apparently then became aware that his attorney had filed a motion to withdraw plea on his behalf. On several occasions, he inquired of the clerk of the circuit court what had become of this motion. In several responses, the clerk informed *1099 Mr. Haber that his pro se motion was struck (which Mr. Haber knew) and, finally, that his attorney had not filed a motion on his behalf. Upon learning that his attorney had never filed a motion to withdraw plea, Mr. Haber sought relief pursuant to Florida Rule of Criminal Procedure 3.850, claiming that his counsel was ineffective for failing to file the motion as requested. In amendments to his motion, Mr. Haber filed the clerk's replies to his inquiries as well as a file copy of his attorney's motion.
The circuit court denied Mr. Haber's motion on the ironic ground that his attorney had actually filed a motion to withdraw plea. Attached to the order denying the rule 3.850 motion was a copy of the attorney's motion to withdraw plea, bearing a stamp indicating that it had been timely filed with the clerk. Although this document absolutely refuted Mr. Haber's claim that his counsel was ineffective for failing to file a motion to withdraw plea, the circuit court's failure to rule on the motion as well as the clerk's denial that it had ever been filed remain shrouded in mystery.
Although that mystery might never be solved, we do now know that Mr. Haber's attorney filed a timely motion to withdraw plea. Such a motion delays rendition of the judgment and sentence until the court files a signed, written order disposing of the motion. See Fla. R.Crim. P. 3.170(l); Smallwood v. State, 911 So.2d 849, 850 (Fla. 1st DCA 2005). Because Mr. Haber's judgment and sentence apparently never became final, Mr. Haber's rule 3.850 motion was premature. See Brigham v. State, 950 So.2d 1274, 1276 (Fla. 2d DCA 2007). Therefore, the circuit court should have dismissed rather than denied the motion. Id.
Accordingly, we reverse the order denying Mr. Haber's motion pursuant to rule 3.850 and remand for the circuit court to dismiss it. On remand, if it has not already done so, the circuit court shall rule upon the motion to withdraw plea filed by Mr. Haber's counsel.
Reversed and remanded.
WHATLEY and VILLANTI, JJ., Concur.