963 So.2d 348 (2007)
Herbert Lynn WOODS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-517.
District Court of Appeal of Florida, Fourth District.
August 22, 2007.
*349 Herbert Lynn Woods, Raiford, pro se.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant, Herbert Woods, appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied his motion for failure to provide a jurat. Because the trial court did not give appellant reasonable notice of its denial, we reverse and remand for further proceedings.
Appellant was sentenced to fifteen years in state prison for being a felon in possession of a firearm. He timely filed a motion for postconviction relief. However, he did not swear to the contents of his motion. The lower tribunal ordered appellant to "file a supplement to the Motion for Post Conviction Relief to provide a jurat and properly swear to the motion." No time period was specified in the order for filing the jurat, nor did the order alert him that the court would dismiss or deny the motion if the jurat was not forthcoming. Before appellant could file his supplement, the lower tribunal summarily denied his motion as facially insufficient for failure to include a proper oath.
We reverse. An order giving leave to amend, as the lower tribunal did in the instant case, does not serve as notice of denial or dismissal in the event that the movant fails to amend. See, e.g., Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51, 54 (Fla. 3d DCA 1982). Should a court order a movant to amend his motion as having been facially insufficient without setting forth a time limit in which to amend, the court may not later summarily deny the amendment as untimely. Mendes v. State, 770 So.2d 202 (Fla. 4th DCA 2000). Facially insufficient motions should be denied without prejudice to refile a sufficient amended motion within an appropriate time period set forth in the order before dismissal or summary denial can be entertained. See id.; see also Brigham v. State, 950 So.2d 1274 (Fla. 2d DCA 2007).
In his motion for rehearing of the order of denial, appellant actually attached a jurat swearing to the contents of the motion. The state argues that this is insufficient because it was not attached to the motion. See § 92.525(2), Fla. Stat. Although the oath is in substantial conformity with the *350 statute, on remand the trial court may require the appellant to file an amended motion with an oath or accept the jurat as filed.
Reversed and remanded.
FARMER and KLEIN, JJ., concur.