989 So.2d 1291 (2008)
Duane ARMSTRONG, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1024.
District Court of Appeal of Florida, Fourth District.
September 17, 2008.
Duane Armstrong, Moore Haven, pro se.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney *1292 General, West Palm Beach, for appellee.
WARNER, J.
Appellant Duane Armstrong timely appeals the order dismissing as untimely his refiled rule 3.850 motion for postconviction relief. Because the order dismissing his original motion did not specify a deadline for refiling, we reverse.
Armstrong was convicted and sentenced for possession of cocaine with intent to sell or deliver, battery on a law enforcement officer, and resisting without violence. The judgment became final when this court issued its mandate affirming his conviction on July 16, 2004. On or about June 27, 2005 Armstrong filed a timely 3.850 motion for postconviction relief, which the trial court dismissed without prejudice on February 9, 2006 because it was unsworn. The order did not specify a deadline within which to refile.
Armstrong then filed a petition for belated appeal, which this court granted. However, after the order appealed from became a part of the record on appeal, we dismissed the appeal in January of 2008, as the order was non-final and non-appealable.
On February 1, 2008, Armstrong refiled his motion for postconviction relief. In response to the motion, the state asserted that the trial court was without jurisdiction, because the motion was filed well beyond two years after the mandate issued in the direct appeal. The trial court agreed with the state and dismissed the motion. Armstrong then filed the instant appeal.
The Second District considered a similar situation in Jumper v. State, 903 So.2d 264 (Fla. 2d DCA 2005). There, the trial court dismissed without prejudice the defendant's motion for postconviction relief for lack of a proper oath. The court then summarily denied his refiled motion as untimely. The Second District held that because the trial court's order placed no limitation on when the defendant could refile his postconviction motion, the trial court erred by dismissing the motion. However, the trial court correctly dismissed as untimely supplemental motions that asserted new claims and did not expand upon the issues already raised.
As in Jumper, the trial court's order of dismissal did not provide a timeframe within which to refile the motion. The refiled motion merely expanded on arguments raised in the original motion and did not raise new arguments. Therefore, the trial court erred in dismissing the motion as untimely. See also Woods v. State, 963 So.2d 348, 349 (Fla. 4th DCA 2007) ("Facially insufficient motions should be denied without prejudice to refile a sufficient amended motion within an appropriate time period set forth in the order before dismissal or summary denial can be entertained."); Brigham v. State, 950 So.2d 1274 (Fla. 2d DCA 2007) (amended motion for postconviction relief was not untimely where original order dismissing the motion granted leave to amend but did not specify a deadline).
Accordingly, we reverse the trial court's order dismissing the refiled motion for postconviction relief and remand for the trial court to consider the motion on the merits.
Reversed and remanded.
MAY and DAMOORGIAN, JJ., concur.