*365
 
 KHOUZAM, Judge.
 

 Christian Clemons appeals from the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the postconviction court lacked jurisdiction to proceed on the rule 3.850 motion in light of Clemons’ pending appeal from his convictions, we reverse and remand.
 

 Clemons entered a plea to sale or delivery of hydrocodone and sale or delivery of diazepam for offenses that occurred in August 2006. Within thirty days of the entry of the judgment and sentences on Clemons’ plea, his attorney filed a timely motion to withdraw plea that was denied. After the motion was orally denied, but prior to the rendition of a written order, Clemons filed a notice of appeal — the written order-denying Clemons’ motion to withdraw plea was ultimately rendered on March 7, 2008. The appeal is currently pending before this court in case number 2D08-286.
 

 Shortly after filing with this court the notice of appeal in case number 2D08-286 Clemons filed with the trial court the rule 3.850 motion for postconviction relief that is the subject of this appeal. In his rule 3.850 motion Clemons collaterally challenged his convictions. In an order rendered on March 17, 2008, during the pen-dency of the related appeal, the trial court summarily denied Clemons’ motion for postconviction relief.
 

 Generally, the direct appeal of a defendant’s judgment and sentence divests the trial court of jurisdiction to rule on a motion for postconviction relief in the case from which the appeal has been taken.
 
 See Ortiz v. State,
 
 768 So.2d 1177 (Fla. 2d DCA 2000). A timely motion to withdraw plea delays rendition of a defendant’s judgment and sentence until the trial court
 
 *366
 
 files a signed, written order disposing of the motion.
 
 See Wofford v. State,
 
 866 So.2d 774, 775 (Fla. 1st DCA 2004) (granting belated appeal to proceed as seeking review of the underlying judgment and sentence for which rendition was postponed pending order denying defendant’s timely motion to withdraw plea);
 
 see also Haber v. State,
 
 961 So.2d 1098 (Fla. 2d DCA 2007) (recognizing principle in regard to issue concerning whether subsequent rule 3.850 motion was timely). Clemons’ appeal following the oral denial of his motion to withdraw plea was premature.
 
 See
 
 Fla. R.App. P. 9.020(h)(3). However, this court’s jurisdiction vested upon the trial court’s rendition of the written order denying the motion to withdraw plea on March 7, 2008.
 
 See
 
 Fla. R.App. P. 9.110(l). Thus, on March 17, 2008, the date of rendition of the written order summarily denying Clemons’ motion for postconviction relief, the trial court lacked jurisdiction to proceed on this collateral matter.
 

 We therefore reverse the order summarily denying Clemons’ rule 3.850 motion and remand to the trial court with instructions to dismiss the motion. Clemons may refile his motion when the direct appeal becomes final.
 
 See Ortiz,
 
 768 So.2d at 1177-78.
 

 Reversed and remanded.
 

 NORTHCUTT, C.J., and STRINGER, J., Concur.