WELLS, Judge.
Jerry Camón appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion. We reverse.
On December 27, 2006, while Camon’s Florida Rule of Criminal Procedure 3.170(i) motion to withdraw plea was still pending, he filed a pro se Rule 3.850 motion for post-conviction relief.[1] Thereafter, the 3.850 motion was dismissed because denial of Camon’s 3.170(i) motion was on appeal. After the order on the 3.170(Z) motion was reversed by this court, counsel was appointed for Camón and Camon’s 3.170(Z) motion was set for hearing. See Camón v. State, 994 So.2d 491, 491-92 (Fla. 3d DCA 2008).
At that hearing, the trial court noted, “we are here on two motions,” the Rule 3.170(¿) and a Rule 3.850 motion. The court then explained, ‘Til do them in order. I’ll do your motion to withdraw plea first. Depending on the outcome of that, then I’ll move to the 3.850.” After listening to Camon’s testimony and reviewing the record, the trial court denied Camon’s motion to withdraw his plea. The judge then asked Camón if he wanted to reinstate the 3.850 motion. Camón initially responded that he did not. The judge indicated that the court could “leave it,” but expressed some concern as to whether that could put the motion outside the two-year filing window. The judge explained that he could not advise Camón and that it was Camon’s “call.”
Defense counsel then indicated that his client “would ask the Court to vacate the dismissal, to allow the motion to be heard. Or in the alternative to file it, refile it again, today.” The trial court thereafter immediately denied the 3.850 motion con- *974 eluding “based upon the reasons I heard, from all the testimony, I’ve already heard. I will use the same testimony, for the denial of the 3.850.”
Both motions were denied on the same day, May 29, 2009, and separate, signed, written orders were entered on June 12, 2009. The order denying the 3.170 motion indicated that the motion was “insufficient to support the relief prayed” and was: “Denied. With Evidentiary Hearing, As to Reason Stated on the Record.” Similarly, the order denying the 3.850 motion noted that Camon’s allegations “were insufficient in substance to support the relief prayed” and therefore was “denied.” Here, Camón appeals the denial of his 3.850 motion.
Camón argues that his timely 3.170(0 motion to withdraw his plea delayed rendition of his judgment and sentence until the trial court filed a signed, written order disposing of that motion. Thus, he maintains, the court should not have heard and ruled on his 3.850 motion when it did. See Brigham v. State, 950 So.2d 1274, 1275 (Fla. 2d DCA 2007) (“In pertinent part, rule 3.850(b) states that ‘[a] motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case.... ’ Implicit in the rule is the requirement that the judgment and sentence be final before the motion is filed.”); see also Clemons v. State, 3 So.3d 364, 365 (Fla. 2d DCA 2009) (“A timely motion to withdraw plea delays rendition of a defendant’s judgment and sentence until the trial court files a signed, written order disposing of the motion.”); Haber v. State, 961 So.2d 1098, 1099 (Fla. 2d DCA 2007) (“Because Mr. Haber’s judgment and sentence apparently never became final, Mr. Haber’s rule 3.850 motion was premature. See Brigham v. State, 950 So.2d 1274, 1276 (Fla. 2d DCA 2007). Therefore, the circuit court should have dismissed rather than denied the motion. Id”).
We agree that under the facts as outlined herein, it was premature to consider Camon’s 3.850 motion until the underlying judgment was final — in this case that being when the denial of Camon’s 3.170(i) motion was filed.[2] Accordingly, the order under review is reversed and the case remanded.

. The motion alleged that: (1) Camón had entered into an illegal plea; (2) defense counsel had rendered ineffective assistance; and (3) the sentence Camón received was vindictive.

. This analysis makes it unnecessary to consider Camon's argument that the trial court violated principles of judicial neutrality by inserting itself into the decision-making process.