CONNER, J.
Maurice Landell appeals the summary denial of his motion for post-conviction relief. The trial court denied the motion as moot. We reverse.
In one ease (“the drug case”), Landell pled no contest to trafficking in cocaine; possession of cocaine, cannabis, and drug paraphernalia; and driving without a license. At the same time, he entered a plea admitting a violation of probation on a charge of exploiting the elderly in another case.[1] He was sentenced on both cases the same day he entered his pleas. The next day he filed a pro se motion to withdraw his plea in the drug case.[2] Approximately one month later, he filed a pro se motion for post-conviction relief in the drug case raising thirteen claims, including: his plea was involuntary, the prosecution failed to disclose favorable evidence, the convictions violated double jeopardy, ineffective assistance of counsel, and newly discovered evidence.[3] The trial court appointed conflict-free counsel for Landell.[4] On December 18, 2008, approximately one month after the motion for post-conviction relief was filed, two weeks after the appointment of counsel, and prior to any hearing on the motion to vacate the plea, the trial court entered a one-page order summarily denying the motion for post-conviction relief, stating:
The issues raised in Defendant’s post conviction relief pleadings are related to Defendant’s plea. Having considered the defendant’s motions, the court file, applicable law, and being otherwise fully advised in the premises, this Court finds as follows:
Defendant is not entitled to the relief requested. On October 15, 2009, Defendant filed a pro se Motion to Withdraw Plea. On December 3, 2009, counsel was appointed to Defendant and a hearing was set on January 13, 2010 to hear Defendant’s Motion to Withdraw Plea. Accordingly, it is ORDERED AND ADJUDGED that for the above-stated reasons Defendant’s motion is DENIED as being MOOT.
It does not appear the motion was denied as being legally insufficient, and no copies of record documents were attached to refute any of the claims.
On March 25, 2010, the trial court conducted an evidentiary hearing on the motion to withdraw the plea. A review of the transcript clearly shows that several of the issues raised in the motion for post-conviction relief were not addressed at the hearing.
We first observe that the motion was premature because it was filed while a Rule 3.170(1) motion to vacate plea was pending and before the judgment had become final. “A timely motion to withdraw plea delays rendition of a defendant’s judgment and sentence until the trial court files a signed, written order disposing of the motion.” Clemons v. State, 3 So.3d 364, 365-366 (Fla. 2d DCA 2009). It is *415 improper to consider a Rule 3.850 motion before the underlying judgment is final. Camon v. State, 57 So.3d 972 (Fla. 3d DCA 2011).
Even if it had been proper for the trial court to consider the motion, “[a] summary denial of a motion for post-conviction relief will be affirmed only when the trial court either states ‘its rationale in the order denying relief or attaches portions of the record that would refute the claims.’ ” Torres v. State, 9 So.3d 746, 747-48 (Fla. 4th DCA 2009) (quoting Nixon v. State, 932 So.2d 1009, 1018 (Fla. 2006)) (alteration omitted). In this case, the only rationale for summarily denying the motion was that it was moot. However, the motion raised issues that were not decided at the hearing on the Rule 3.170(() motion. The trial court did not give a rationale for denying those issues not previously raised, or attach portions of the record refuting those claims.

Reversed and remanded.

POLEN and GROSS, JJ„ concur.

. Landell was represented by the regional conflict counsel when he entered his pleas in both cases.

. The pro se motion to withdraw the plea mentions only the charge of trafficking in cocaine.

. The pro se motion for post-conviction relief mentions all of the charges to which he pled in that case. We note that court-appointed counsel did not adopt or amend the pro se motion for post-conviction relief.

.The order indicates it is for the motion for post-conviction relief, but the Public Defender also represented him on the motion to withdraw his plea.