BLACK, Judge.
Raphael G. Surinach appeals the order striking as untimely his amended motion filed under Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
After his judgment and sentences became final, Surinach filed a timely rule 3.850 motion. He then filed an amended motion over a year later and outside of the two-year time limit for filing rule 3.850 motions. See Fla. R.Crim. P. 3.850(b). In the order striking the amended motion as untimely, the postconviction court stated that it did not become aware of Surinach’s original motion until he filed his amended motion and that it would be ruling on the original motion in a later order. However, the court gave no indication that it had considered whether the amended motion enlarged on claims made in the timely original motion or whether it solely raised new claims. Surinach asserted in ground two of his amended motion that it relates back to a claim in his original motion. The original motion is not part of the record in this appeal.
Amended motions for postconviction relief are subject to the two-year time limit for filing rule 3.850 motions unless they merely enlarge an issue or issues raised in the original motion. See Lanier v. State, 826 So.2d 460, 461 (Fla. 1st DCA 2002) (holding that the two-year time limit for filing rule 3.850 motions does not preclude untimely amended motions that enlarge on the claims raised in the timely motion); *96 see also Jumper v. State, 903 So.2d 264, 266 (Fla. 2d DCA 2005).
Accordingly, we reverse and remand for the postconviction court to determine whether there are claims in the amended motion that it should address on the merits because they enlarge upon claims in the original motion. New claims should again be stricken for untimeliness.
Reversed and remanded with directions.
KHOUZAM and SLEET, JJ., Concur.