PER CURIAM.
Aaron H. Iriarte appeals the summary dismissal of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We reverse the circuit court’s order and remand for further proceedings.
On January 12, 2010, Iriarte pleaded nolo contendere to aggravated battery with a deadly weapon (count one), burglary of an unoccupied structure (count two), and damage of property (count three); he was sentenced to a total of six years’ imprisonment. Iriarte did not file a direct appeal. On August 3, 2012, Iriarte filed the current motion for postconviction relief.
The circuit court dismissed Iriarte’s motion as untimely, finding that because he did not file a direct appeal, his judgment and sentence became final on or about February 9, 2010, thirty days after sentencing. According to the court, Iriarte’s motion, filed in August of 2012, was outside the two-year time limit of rule 3.850(b). The court also noted that although Iriarte filed a timely motion to withdraw plea after sentencing, he admitted in his rule 3.850 motion that he later voluntarily dismissed it. The court delved no further into this issue despite the fact that a motion to withdraw plea under Florida Rule of Criminal Procedure 3.170(i) “delays rendition of the judgment and sentence until the court files a signed, written order disposing of the motion.” Haber v. State, 961 So.2d 1098, 1099 (Fla. 2d DCA 2007). Because the court failed to further address Iriarte’s motion to withdraw plea or attach any order disposing of it — such as an order demonstrating that the motion had been voluntarily dismissed — the date his judgment and sentence became final cannot be determined from the record, and the timeliness of his current rule 3.850 motion remains unclear.
*529 Accordingly, we reverse the circuit court’s dismissal and remand for the court to attach portions of the record establishing the finality of Iriarte’s judgment and sentence, reevaluate the timeliness of Ir-iarte’s rule 3.850 motion, and if necessary-address his claims on the merits. If the motion to withdraw plea has not been formally disposed of, the court shall again dismiss Iriarte’s rule 3.850 motion — as his judgment and sentence never became final — and rule upon the motion to withdraw plea. See id.
Reversed and remanded.
CRENSHAW and MORRIS, JJ., Concur.
ALTENBERND, J., Concurs specially.