PER CURIAM.
The defendant appeals the circuit court’s orders: (1) dismissing as untimely his amended Florida Rule of Criminal Procedure 3.850 motion; and (2) summarily denying his timely original rule 3.850 motion. We reverse the order dismissing the amended rule 3.850 motion, remand for the circuit court to vacate the order denying the original rule 3.850 motion, and direct the circuit court to rule on the amended rule 3.850 motion.
The defendant filed his original rule 3.850 motion within the two-year limitations period of rule 3.850(b). The defendant filed his amended rule 3.850 motion outside of the two-year limitations period, but before the court ruled on the original rule 3.850 motion. In the amended motion, the defendant appears to have merely enlarged the claims he made in the original motion.
The circuit court entered an order dismissing the defendant’s amended rule 3.850 motion as untimely. The defendant appealed that order. The circuit court later entered an order summarily denying the defendant’s original rule 3.850 motion. The defendant filed a separate appeal of that order. We consolidated the appeals.
The state has responded to the consolidated appeals with its concession that the circuit court erred in dismissing as untimely the defendant’s amended rule 3.850 motion. An amended rule 3.850 motion filed before the circuit court has ruled, which merely enlarges or expands on issues raised in a timely-filed original rule 3.850 motion, should not be dismissed as untimely. See Surinach v. State, 110 So.3d 95, 95 (Fla. 2d DCA 2013) (“Amended motions for postconviction relief are subject to the two-year time limit for filing rule 3.850 motions unless they merely enlarge an issue or issues raised in the original motion”) (emphasis added; citation omitted); Rincon v. State, 996 So.2d 922, 923 (Fla. 4th DCA 2008) (“[T]he trial court could not consider the untimely ... amended motion pursuant to rule 3.850[,] ... except to the extent any grounds of the amended motion constituted mere enlargement of a timely filed claim”) (emphasis added; citation omitted).
Based on the foregoing, we reverse the order dismissing the amended rule 3.850 motion, remand for the circuit court to vacate the order denying the original rule *441 3.850 motion, and direct the circuit court to rule on the defendant’s amended rule 3.850 motion.

Reversed and remanded with directions.

WARNER, GERBER and LEVINE, JJ., concur.