PER CURIAM.
On February 21, 2012, Bertrán Wilson entered an open guilty plea to a felony and two misdemeanors and was sentenced to twenty years for count I and to time served for the other two counts. On March 9, 2012, through his assistant public defender, he filed a motion to withdraw plea, to withdraw from representation, and to appoint conflict-free counsel. The trial court granted counsel’s motion to withdraw and later appointed the Office of Criminal Conflict and Civil Regional Counsel, Appellate Division, to represent Wilson. That office promptly filed some papers (including a demand for a jury trial) but does not appear to have taken any action on Wilson’s motion to withdraw plea.
In September 2012, Wilson filed the instant pro se rule 3.850 motion. The state filed a response addressing the merits of the motion, and the trial court summarily denied it, adopting and incorporating the state’s response. Both the state’s response and the trial court’s order reflect that Wilson had filed what appears to be a timely rule 3.170(Z) motion to withdraw plea, which remains pending.
A timely rule 3.170(£) motion to withdraw plea after sentencing defers rendition of the final order. Fla. R. App. P. 9.020(i)(l). Therefore, Wilson’s conviction and sentence have not yet become final, the time for filing a rule 3.850 motion has not yet begun to run, and the rule 3.850 motion should have been dismissed as premature. See Landell v. State, 88 So.3d 413, 414-15 (Fla. 4th DCA 2012); Haber v. State, 961 So.2d 1098 (Fla. 2d DCA 2007). Accordingly, we reverse the order denying Wilson’s premature rule 3.850 motion and remand for the trial court to dismiss it and to rule on his timely rule 3.170(£) motion to withdraw plea.

Reversed and Remanded.

TAYLOR, LEVINE and CONNER, JJ., concur.