IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

FREDDIE LAWRENCE,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5083

Opinion filed October 23, 2014.

An appeal from the Circuit Court for Duval County.
Mallory D. Cooper, Judge.

Freddie Lawrence, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Lauren Brudnicki, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      Appellant, Freddie Lawrence, appeals an order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and challenges the denial of relief as to Grounds 4 and 11. We

agree with the State's concession that reversal is warranted as to Ground 4 given that the record attachments do not conclusively refute Appellant's allegation that trial counsel told him the night before trial that she rejected the State's plea offer because she was ready to proceed to trial. See Wainwright v. State, 896 So. 2d 695, 698 (Fla. 2004) (noting that a defendant is entitled to an evidentiary hearing on a postconviction relief claim unless the motion and record conclusively show that he or she is entitled to no relief or where the claim is legally insufficient). As such, we reverse the order as to Ground 4 and remand with instructions that the trial court hold an evidentiary hearing on the claim or attach portions of the record conclusively refuting the claim.

As for Ground 11, in which Appellant claimed that, pursuant to Montgomery v. State, 70 So. 3d 603 (Fla. 1st DCA 2009), the trial court committed fundamental error during his trial by giving an erroneous manslaughter by act jury instruction, we agree with the State's contention that the claim was untimely and that none of the exceptions to the two-year time limitation in rule 3.850 are applicable to this claim. See Fla. R. Crim. P. 3.850(b) (providing for a two-year time limitation in which to file a postconviction claim); see also Surinach v. State, 110 So. 3d 95, 95 (Fla. 2d DCA 2013) ("Amended motions for postconviction relief are subject to the two-year time limit for filing rule 3.850 motions unless they merely enlarge an issue or issues raised in the original motion."). To the extent that Appellant argues

in this proceeding that his appellate counsel was ineffective in failing to raise the erroneous jury instruction issue in his direct appeal, we dismissed Appellant's habeas corpus petition raising that argument because it too was untimely. See Lawrence v. State, 92 So. 3d 855 (Fla. 1st DCA 2012).[1]

AFFIRMED in part; REVERSED in part; and REMANDED with instructions.

LEWIS, C.J., BENTON and RAY, JJ., CONCUR.

---

[1] Appellant's direct appeal was pending when we issued our decision in Montgomery, holding that intent to kill is not an element of manslaughter by act and that it was fundamental error to give an instruction suggesting that the State was required to prove intent to kill to prove the crime of manslaughter. See 70 So. 3d at 604-07.