IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

BRADLEY A. WILLIAMS,

        Petitioner,

 v.                                   Case No.  5D16-3798

STATE OF FLORIDA,

        Respondent.

_____/

Opinion filed April 7, 2017

Petition Alleging Ineffectiveness of
Appellate Counsel,
A Case of Original Jurisdiction.

Bradley A. Williams, Malone, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison Leigh Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Bradley Williams timely petitions this court pursuant to Florida Rule of Appellate

Procedure 9.141(d), alleging ineffective assistance of his appellate counsel on direct

appeal.  For the following reasons, we grant the petition.

      The relevant facts in this case are not in dispute.  Williams entered into a plea

agreement with the State to resolve his criminal case.  The trial court accepted Williams's

plea and sentenced him consistently with the agreement.  Williams thereafter timely filed

a motion to withdraw his plea pursuant to Florida Rule of Criminal Procedure 3.170(*l*),

which raised in part issues with his counsel's representation. Williams also filed two separate Florida Rule of Criminal Procedure 3.850 motions seeking postconviction relief.[1] The trial court summarily denied all three motions in one omnibus order, which Williams timely appealed. We affirmed the order and Williams's judgment and sentences without opinion. *Williams v. State*, 158 So. 3d 607 (Fla. 5th DCA 2015).

In the instant petition, Williams argues that his appellate counsel was ineffective for failing to raise the following two issues on appeal: (1) the trial court erred in summarily denying his motion for postconviction relief without first allowing him an opportunity to amend his motion; and (2) the trial court erred in ruling on his rule 3.850 motions for postconviction relief because it lacked "jurisdiction." "[T]he criteria for proving ineffective assistance of appellate counsel parallel the *Strickland*[2] standard for ineffective trial counsel." *Rutherford v. Moore*, 774 So. 2d 637, 643 (Fla. 2000) (quoting *Wilson v. Wainwright*, 474 So. 2d 1162, 1163 (Fla. 1985)). To be entitled to relief, a petitioner, such as Williams, must satisfy the following two-pronged test: (1) "that appellate counsel's performance was *deficient* because 'the alleged omissions are of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance'"; and (2) "that the petitioner was *prejudiced* because appellate counsel's deficiency 'compromised the appellate process to such a degree as to undermine confidence in the correctness of the result.'" *Id.* (quoting *Thompson v. State*, 759 So. 2d 650, 660 (Fla. 2000)).

---

[1] All three motions were filed by Williams without counsel.

[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

To explain our resolution of this case, we first briefly examine the interplay between rules 3.170(*l*) and 3.850. A timely rule 3.170(*l*) motion to withdraw plea, as was filed here, defers or delays rendition of the judgment and sentence until the trial court files a signed, written order disposing of the motion. *Wilson v. State*, 128 So. 3d 898, 899 (Fla. 4th DCA 2013) (citing Fla. R. App. P. 9.020(i)(1)); *Haber v. State*, 961 So. 2d 1098, 1099 (Fla. 2d DCA 2007) (citations omitted); *Smallwood v. State*, 911 So. 2d 849, 850 (Fla. 1st DCA 2005) (citations omitted). Rule 3.850(b) provides, in pertinent part, that "[a] motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final . . . ." Fla. R. Crim. P. 3.850(b). "Implicit in the rule is the requirement that the judgment and sentence be final before the motion is filed." *Brigham v. State*, 950 So. 2d 1274, 1275 (Fla. 2d DCA 2007). Thus, rule 3.850 sequentially infers that once a timely rule 3.170(*l*) motion is filed, it must be first ruled upon by the trial court before a rule 3.850 motion can be filed or addressed. Therefore, the earliest that a defendant may properly file a rule 3.850 motion would be thirty-one days after rendition of the judgment and sentence or, when a post-judgment motion that suspends rendition of the judgment and sentence is filed (such as a rule 3.170(*l*) motion to withdraw plea), thirty-one days after the trial court enters the order disposing of the post-judgment motion. *See Mingo v. State*, 790 So. 2d 1164 (Fla. 2d DCA 2001) (stating that a judgment and sentence becomes final for purposes of the two-year period for filing

3

a rule 3.850 motion for postconviction relief when the thirty-day period for filing an appeal expires).[3]

Returning to the present case, once Williams filed his motion to withdraw plea, rendition of his judgment and sentences was suspended, and thus, they were not final. Therefore, Williams's two rule 3.850 motions, filed prior to the court ruling on his motion to withdraw plea, were premature. Although Williams inartfully couches his argument as the court lacking jurisdiction to rule on these motions, substantively, Williams asserts that the court should not have determined his rule 3.850 motions. We agree. The circuit court should have dismissed the two rule 3.850 motions without prejudice, rather than denying them on the merits, because the judgment and sentences were not and could not have been final. *See Wilson*, 128 So. 3d at 899; *Haber*, 961 So. 2d at 1098; *see also Camon v. State*, 57 So. 3d 972, 974 (Fla. 3d DCA 2011) (holding that it is improper to consider a rule 3.850 motion before the underlying judgment is final). Applying the two-pronged *Strickland* test, appellate counsel's performance was deficient by not raising this issue on direct appeal, and if the issue had been raised, the result of Williams's appeal would have been different. *See Camon*, 57 So. 3d at 973-74 (reversing an order denying a rule 3.850 motion contemporaneously entered with a separate order denying a rule 3.170(*l*) motion because the trial court prematurely considered and adjudicated the rule 3.850 motion before the judgment and sentence had become final).

---

[3] The time to file a rule 3.850 motion would be further delayed if, as occurred in the underlying case, a defendant appeals the judgment and sentence after the denial of the motion to withdraw plea. *See Jones v. State*, 602 So. 2d 606, 607-08 (Fla. 1st DCA 1992) ("[A] judgment and sentence become final for purposes of filing a motion for post-conviction relief when appellate proceedings have concluded, i.e., upon issuance of the mandate." (citations omitted)).

Accordingly, we grant Williams's petition, and because we conclude that a second appeal would be unnecessary and repetitive, we remand with directions that the circuit court vacate that portion of the omnibus order that denied Williams's two rule 3.850 motions and enter an order dismissing the motions, without prejudice to Williams to file a rule 3.850 motion within two years of the issuance of the mandate in this case, if he can do so in good faith.[4] The filing of this motion shall not be considered as successive or untimely.

PETITION GRANTED, with directions.

SAWAYA, EVANDER, and LAMBERT, JJ., concur.

---

[4] Our resolution of this issue renders moot Williams's first argument in his petition.