# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2091

_____

WILLIE C. FORD JR.,

　　Appellant,

　　v.

STATE OF FLORIDA,

　　Appellee.

_____

On appeal from the Circuit Court for Suwannee County.
Paul S. Bryan, Judge.

October 31, 2018

PER CURIAM.

Appellant, Willie C. Ford Jr., appeals from an order summarily denying several grounds of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Specifically, the lower court determined that Grounds 2, 3, 4, 5, 7, 8, 9, 10, and 11 of the motion were subject to dismissal based on untimely filing. For the reasons below, we reverse the order as to those enumerated grounds of Appellant's motion.

### A. Procedural History

In 2000, after pleading guilty to ten counts of burglary and armed burglary, Appellant was sentenced to a prison term of ten years, to be followed by ten years of probation as to count 17

(armed burglary). Appellant served the ten-year prison term and was then released on probation. In August of 2010, the State filed an affidavit alleging a probation violation. In January of 2012, the lower court determined that Appellant willfully and substantially violated his probationary terms. Appellant was sentenced to a prison term of fifty years. This Court per curiam affirmed that judgment and sentence in *Ford v. State*, 118 So. 3d 223 (Fla. 1st DCA 2013) (table). Once the judgment and sentence became final at that point, the two-year window for filing a postconviction motion was set to expire on August 31, 2015.

Appellant filed a motion to correct an illegal sentence in June of 2015, and this Court per curiam affirmed the order denying that motion, with the mandate issuing on February 2, 2016. *See Ford v. State*, 182 So. 3d 640 (Fla. 1st DCA 2016) (table). While that appeal was still pending, Appellant timely filed his first rule 3.850 motion on July 15, 2015. However, the postconviction court ruled that the motion did not satisfy the pleading requirements of rule 3.850, and on August 30, 2015, Appellant was given sixty days to amend the motion. Appellant then timely filed an amended rule 3.850 motion on October 13, 2015. The postconviction court ruled that the motion contained issues "related" to those in the motion to correct an illegal sentence that was still at issue in a pending appeal. The lower court again dismissed Appellant's timely rule 3.850 motion, but the order did not include an explicit deadline for refiling it upon the conclusion of appellate proceedings regarding the motion to correct illegal sentence. Appellant filed the instant rule 3.850 motion on July 25, 2016. The postconviction court denied that motion as untimely filed, and Appellant appealed.

### B. Timelines of the Motion

The lower court erred by imposing an unspecified time restriction for the re-filing of the instant motion. The order on review provides that Appellant had "60 days" to re-file his rule 3.850 motion once the appeal regarding the rule 3.800 motion had concluded. However, the order of dismissal as to the October 13, 2015, motion only advised that Appellant "could refile upon completion of the pending appeal if [he] so wishes." The lower court indicated in the order on review that Appellant should have

2

inferred that his new filing deadline was April 4, 2016, based on (a) the sixty-day re-filing window granted as to the initial motion filed in July of 2015, and (b) the date that the appeal on the rule 3.800 motion concluded, which was February 2, 2016.

It is well-established that a court cannot enforce a filing deadline which must be inferred by a party. *See Armstrong v. State*, 989 So. 2d 1291, 1292 (Fla. 4th DCA 2008) ("'Facially insufficient motions should be denied without prejudice to refile a sufficient amended motion within an appropriate time period *set forth in the order* before dismissal or summary denial can be entertained.'" (quoting *Woods v. State*, 963 So. 2d 348, 349 (Fla. 4th DCA 2007)); *Brigham v. State*, 950 So. 2d 1274, 1275 (Fla. 2d DCA 2007) (concluding that the trial court erred by dismissing the amended motion for postconviction relief as untimely where the order dismissing the original motion granted leave to amend, but did not specify a deadline). As the State now concedes, the order dismissing Grounds 2, 3, 4, 5, 7, 8, 9, 10, and 11 of the instant motion must be reversed and the claims remanded for consideration on the merits. The denial of all remaining grounds is affirmed.

AFFIRMED in part, REVERSED in part, and REMANDED.

WOLF, LEWIS, and ROWE, JJ., concur.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––

Willie C. Ford Jr., pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.