# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4640
_____

ISIAH JOHNSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Escambia County.
John L. Miller, Judge.

September 21, 2020

SALVADOR, TATIANA R., ASSOCIATE JUDGE.

Isiah Johnson appeals from a trial court order on his amended motion to withdraw plea, or in the alternative amended motion to correct sentencing error. The trial court concluded that it lacked jurisdiction over the motion to withdraw plea and denied the sentencing claims on the merits, after treating them as being filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm this resolution of Mr. Johnson's motion.[1]

_____

[1] We have jurisdiction. Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.140(b)(1)(D).

## I.

On July 16, 2009, Mr. Johnson entered a no-contest plea to armed burglary of a dwelling, aggravated battery on a person 65 or older with great bodily harm, grand theft of an automobile, grand theft, and grand theft of a firearm. On September 18, 2009, the trial court sentenced him to 35 years' incarceration followed by 2 years of community control for the most serious count. Mr. Johnson was a minor at the time he committed the offenses.

On October 16, 2009, Mr. Johnson filed a motion to withdraw plea, asserting that the plea was involuntary. Subsequently, on March 9, 2010, the court held a hearing where newly appointed counsel advised the court that Mr. Johnson wished to withdraw his motion.

The court then engaged in a colloquy with Mr. Johnson and advised that the motion to withdraw was "well taken" and the court was likely to grant it. Mr. Johnson told the court that he understood this but nonetheless wished to withdraw his motion to withdraw plea. Mr. Johnson told the court that he did not want to go to trial "[b]ecause I feel like I will get myself deeper in trouble by going to trial." After engaging in additional discussion with Mr. Johnson, the trial court allowed him to withdraw his motion to withdraw plea, finding that Mr. Johnson wanted to "maintain his plea" and that he "ha[d] a logical basis for his position." The trial court entered no written order allowing Mr. Johnson to withdraw his motion to withdraw plea, but the court docket does contain a notation: "Defendant wishes to withdraw his motion to withdraw plea and maintain his plea and wishes to go back to state prison – Granted."

Over the next few years, Mr. Johnson filed a rule 3.850 motion and a rule 3.800(a) motion. Both were denied by the trial court and affirmed on appeal by this Court.

In 2017, Mr. Johnson filed an amended motion to withdraw plea or in the alternative amended motion to correct sentencing error under rule 3.800(b)(1) in the trial court. In it he asserted that his plea was involuntary and that his sentence was illegal under *Graham v. Florida*, 560 U.S. 48 (2010), and its progeny. He maintained that the court could hear the amended motion because

2

the judgment and sentence never became final, as no written order was entered regarding his motion to withdraw plea from 2009.

The trial court rejected Mr. Johnson's jurisdictional argument, concluding that the judgment and sentence had long been final and that he could not withdraw his plea at this late date. The court also denied the claim that his sentence was illegal, treating the motion as being properly brought under Florida Rule of Criminal Procedure 3.800(a).

## II.

Mr. Johnson asserts that the court incorrectly concluded that it lacked jurisdiction over his amended motion to withdraw plea. He asserts that because no written order was entered addressing the 2009 motion to withdraw plea, the final judgment was never rendered, leaving jurisdiction in the trial court. We disagree and affirm.[2]

A rule 3.170(l) motion must be filed "within thirty days after rendition of the sentence." Fla. R. Crim. P. 3.170(l). The judgment and sentence is rendered "when a signed, written order is filed with the clerk of the lower tribunal." Fla. R. App. 9.020(h) (2009).[3] However, the filing of a timely motion to withdraw plea tolls rendition of the final judgment and sentence. Fla. R. App. P. 9.020(h) (2009). When the motion has "been filed, the final order shall not be deemed rendered . . . until the filing of a signed, written order disposing of all such motions between such parties." Fla. R. App. P. 9.020(h)(1) (2009); *see also Smallwood v. State*, 911 So. 2d 849, 850 (Fla. 1st DCA 2005).

It is clear that the failure to dispose of a *pending* motion to withdraw plea with a written order will delay rendition of the final order, even for years. This Court has previously found a final

---

[2] As to his other arguments, we affirm without further comment.

[3] We use the 2009 version of this rule that was in effect when Appellant filed his motion to withdraw plea. Rule 9.020 has since been reorganized, but in ways that are immaterial to our decision.

3

judgment's rendition was delayed from 2002 until 2009 based on a pending motion to withdraw plea. *See Douglas v. State*, 41 So. 3d 428 (Fla. 1st DCA 2010).

However, here, there was no such pending motion to withdraw plea. The trial court clearly ruled on the record that Mr. Johnson was permitted to withdraw his motion to withdraw plea. The court docket likewise contains a notation to that effect. There was no requirement that the court enter a written order on the motion to withdraw the motion to withdraw plea. And because the motion was withdrawn, and there was no pending motion for the court to address, rule 9.020(h)(1) did not further toll rendition of the final judgment.

We have not failed to consider Mr. Johnson's reliance on *Iriarte v. State*, 119 So. 3d 528 (Fla. 2d DCA 2013). But we find this case readily distinguishable. In *Iriarte*, the court reversed a summary denial of a postconviction motion, where the trial court had ruled that the motion was untimely. *Id.* at 528. The Second District noted that the appellant's filing of a motion to withdraw plea tolled rendition of the final judgment. *Id.* The court then held that, notwithstanding the appellant's admission to voluntarily dismissing his motion to withdraw plea, it was unclear when the motion was dismissed and accordingly, "the date his judgment and sentence became final cannot be determined from the record, and the timeliness of his current rule 3.850 motion remains unclear." *Id.* Thus, contrary to Mr. Johnson's argument, the Second District did not hold that a written order is required even when a motion to withdraw plea is voluntarily withdrawn. Rather, the court ruled that it could not tell when the judgment and sentence became final, based on the record and the trial court's attachments to the order denying rule 3.850 relief. Thus, a summary denial in that instance was reversed.

As such, *Iriarte* is inapplicable on the facts of this case. The record before us is clear that that the motion to withdraw plea was withdrawn on March 9, 2010. The final judgment became final 30 days later. And the trial court correctly concluded that it lacked jurisdiction over the amended motion to withdraw plea, filed in 2017. *See Gafford v. State*, 783 So. 2d 1191, 1192 (Fla. 1st DCA 2001) ("[T]he 30-day limit under 3.170(*l*) is also jurisdictional;

therefore, the trial court did not have the authority to consider Gafford's motion . . . .").

## III.

Mr. Johnson received a 35-year incarcerative sentence for felonies he committed when he was 13. He contends that he is entitled to resentencing and retroactive application of the sentence review procedures under section 921.1402, Florida Statutes. Based on our precedent, the trial court correctly denied Mr. Johnson relief.

The Florida Supreme Court has "narrowly defined the class of offenders entitled to resentencing under the new juvenile resentencing laws; specifically, those defendants who originally received life sentences and who were resentenced after their sentences were vacated pursuant to *Graham* but before the July 1, 2014 effective date of the new juvenile sentencing laws." *Hart v. State*, 255 So. 3d 921, 927 (Fla. 1st DCA 2018). Because Mr. Johnson never received a life sentence and never had his sentence vacated under *Graham,* he is not entitled to sentencing review after 25 years. *See id.* at 927. Nor is he entitled to resentencing under *Graham*. His 35-year incarcerative sentence is not a de facto life sentence. *See id.* ("Consistent with the requirements of *Graham*, Hart's fifty-year sentence affords him a meaningful opportunity for release during his natural life."). Thus, the trial court did not err in denying Mr. Johnson relief under rule 3.800(a).

## IV.

Accordingly, we AFFIRM the order of the trial court.

KELSEY and NORDBY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

5

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee; Shalini Goel Agarwal of Southern Poverty Law Center, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Benjamin L. Hoffman, Assistant Attorney General, Tallahassee, for Appellee.