KELLY, Judge.
Celeata Williamson was convicted of fifty-seven counts of grand theft and one count of scheming to defraud and sentenced to concurrent terms of five years’ imprisonment on all charges. We agree with Williamson, and the State concedes, that convicting and sentencing her on both the scheming to defraud and the grand theft charges, which formed the basis of the scheming to defraud charge, constituted double jeopardy. See Kipping v. State, 702 So.2d 578 (Fla. 2d DCA 1997); Cherry v. State, 592 So.2d 292 (Fla. 2d DCA 1991). We therefore vacate Williamson’s convictions and sentences for grand theft and affirm her conviction for scheming to defraud.
Williamson also challenges the sentence she received on the scheming to *881 defraud conviction. Williamson contends that the trial court erred when it sentenced her under the Criminal Punishment Code. Because a scheme to defraud is a true continuing offense, Williamson’s sentence is controlled by section 921.0027, Florida Statutes (2000), which applies to felonies committed on or after October 1, 1998,[1] and provides that felonies with continuing dates of enterprise are to be sentenced under the sentencing laws in effect on the beginning date of the criminal activity. Williamson began her scheme to defraud in 1995, at which time the 1994 guidelines were in effect. Therefore, Williamson should be resentenced under the 1994 guidelines. On remand, the trial court is precluded from scoring the grand theft offenses as convictions for purposes of resentencing. See Wanner v. State, 667 So.2d 427 (Fla. 2d DCA 1996).
Affirmed in part, vacated in part, reversed in part, and remanded for resen-tencing with directions.
FULMER and DAVIS, JJ., concur.

. Because Williamson’s offense is a true continuing offense, the date of her last overt act is considered to be the date of offense. Young v. Moore, 820 So.2d 901, 903 n. 4 (Fla.2002). That date is October 31, 2000, which is "on or after October 1, 1998.” Thus, section 921.0027 applies.