976 So.2d 6 (2008)
Robert Lee ANTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3733.
District Court of Appeal of Florida, Second District.
January 18, 2008.
Rehearing Denied March 17, 2008.
*7 A.R. Mander, III, of Greenfelder, Mander, Murphy, Dwyer & Morris, Dade City, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
WALLACE, Judge.
Robert Anton appeals the postconviction court's order that denied his motion for postconviction relief filed in accordance with Florida Rule of Criminal Procedure 3.850. In his motion, Mr. Anton raised seven claims of ineffective assistance of counsel. Because Mr. Anton did not file his motion within the two-year period allowed under rule 3.850, we affirm the order denying the motion.

Background
In July 1996, the trial court sentenced Mr. Anton as a habitual offender to ten years in prison for aggravated assault and thirty years in prison for attempted robbery with a firearm, including a three-year mandatory minimum for use of a firearm. This court affirmed Mr. Anton's judgments and sentences on direct appeal in State v. Anton, 700 So.2d 743, 750 (Fla. 2d DCA 1997) (reversing an order granting a new trial). However, we agreed with Mr. Anton that the trial court had improperly reclassified his conviction for attempted robbery with a firearm to a first-degree felony "[b]ecause the carrying of a firearm was an essential element of the charged offense." Id. at 749 (citing Williams v. State, 590 So.2d 526 (Fla. 2d DCA 1991)). This error did not affect Mr. Anton's sentence for the attempted robbery offense because the sentence imposed was within the permitted range for a second-degree felony under the habitual offender statute. Id. at 749-50. Thus we specifically directed the trial court "on remand to correct the judgment and sentence to reflect that attempted robbery with a firearm is a second-degree felony." Id. at 750. This court's mandate in Mr. Anton's direct appeal issued on November 17, 1997.
For reasons unexplained in our record, the trial court did not act promptly to correct Mr. Anton's judgment and sentence for attempted robbery with a firearm in accordance with the explicit direction of our mandate. On May 25, 2004, more than six years after our mandate issued, Mr. Anton filed a motion referencing our mandate and requesting the entry of a corrected judgment and sentence reflecting that attempted robbery with a firearm is a second-degree felony. The trial court responded to the motion by entering the requisite amended judgment on June 16, 2004.

The Postconviction Motion and the State's Response
On December 1, 2004, Mr. Anton filed his motion for postconviction relief. The State responded that the motion was untimely because the two-year period for filing the motion began to run on the date our mandate issuedi.e., on November 17, 1997and expired on November 16, 1999. In support of its response, the State characterized this court's directions on remand as calling for "a correction of a scrivener's error, changing the notation of one of the *8 crimes from first degree to second degree" while the judgment and sentence "remained final and intact." Mr. Anton replied that his judgment and sentence did not become final until the reclassification of the attempted robbery offense occurred because "direct review proceedings are not technically finished until the lower court acts on the mandate."

The Postconviction Court's Ruling
The postconviction court rejected the State's argument that Mr. Anton's motion for postconviction relief was untimely filed. Instead, the postconviction court ruled that the two-year period for filing the motion did not begin to run until the entry of the amended final judgment on June 16, 2004. Concluding that the motion was timely filed, the postconviction court conducted an evidentiary hearing on Mr. Anton's claims of ineffective assistance of counsel. After the evidentiary hearing, the postconviction court entered an order denying Mr. Anton's motion on the merits of his claims. This appeal followed.

Discussion
We disagree with the State's characterization of our earlier direction to the trial court in Mr. Anton's direct appeal as the correction of a "scrivener's error." However, we agree with the State's contention that Mr. Anton's judgments and sentences became final upon the issuance of our mandate. With exceptions not material here, Florida Rule of Criminal Procedure 3.850 provides in pertinent part:
(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed. . . .
For purposes of rule 3.850, "the judgment and sentence `become final' . . . when any [ ] direct review proceedings have [been] concluded and jurisdiction to entertain a motion [under the rule] returns to the sentencing court." Ward v. Dugger, 508 So.2d 778, 779 (Fla. 1st DCA 1987).
Mr. Anton argues that his judgments and sentences did not become final on the date our mandate issued because "direct review proceedings are not technically finished until the lower court acts on the mandate." He contends that "[w]hen the appellate court remands to the trial court with directions to correct the judgment, the trial court does not have jurisdiction to entertain a 3.850 motion until the judgment is corrected." However, Mr. Anton does not cite any direct authority for his position, and we find it to be unpersuasive. Under Mr. Anton's theory, it is the trial court's actioni.e., entering the corrected judgmentthat transfers jurisdiction to itself. Stated another way, Mr. Anton contends that the trial court had no jurisdiction over his case until it entered the amended judgment. Upon the entry of the amended judgment, jurisdiction returned to the trial court. But this argument is illogical. Under Mr. Anton's theory, the trial court had no jurisdiction to correct the judgment in the first place.
Under Florida law, it is appellate court actioni.e., the issuance of the mandatethat returns jurisdiction to the trial court. Speaking of cases pending before it, the Supreme Court of Florida explained this process:
If no writ of certiorari is filed with the United States Supreme Court, as in the case at bar, the judgment and sentence become final when direct review proceedings are completed and jurisdiction to entertain the motion for postconviction relief returns to the trial court. Until this Court issues its mandate, the *9 trial court has no jurisdiction to consider a motion to vacate filed pursuant to Rule 3.850. Therefore, in cases where no writ of certiorari is filed with the United States Supreme Court, the two-year period for filing a motion pursuant to rule 3.850 commences when this Court issues mandate.
Huff v. State, 569 So.2d 1247, 1250 (Fla. 1990) (citing Scull v. State, 569 So.2d 1251 (Fla.1990)). Mr. Anton would have us regard the trial court's action in correcting the judgment as an extension of the "direct review proceedings." This suggestion is ill-founded because the trial court does not participate in the "review" of its own decisions. On the contrary, "[t]he appellate process is completed on the date the mandate is issued." McCuiston v. State, 507 So.2d 1185, 1186 (Fla. 2d DCA 1987) (citing Thibodeau v. Sarasota Mem'l Hosp., 449 So.2d 297, 298 (Fla. 1st DCA 1984)); see also Beaty v. State, 701 So.2d 856, 857 (Fla.1997) ("[T]he district court of appeal's opinion became final when no petition for rehearing was filed within fifteen days, and the two-year period for filing a motion for postconviction relief began to run upon the issuance of that court's mandate."). For this reason, unrelated collateral proceedingseven those that result in resentencingdo not toll the two-year period that begins when the mandate issues and the direct review proceedings conclude. See Marrero v. State, 967 So.2d 934, 936-37 (Fla. 2d DCA 2007) (holding that jurisdiction to entertain the defendant's motion for postconviction relief returned to the trial court when the defendant's direct appeal was concluded and that the time for filing such a motion was not tolled by the defendant's filing of a successful petition alleging the ineffective assistance of appellate counsel that resulted in resentencing on one of the defendant's convictions).
We note that Mr. Anton has not claimed that the trial court's delay in correcting the judgment for attempted robbery misled him into believing that his judgments and sentences were not final or that the delay otherwise unfairly prejudiced him. In addition, Mr. Anton has not asserted that his claims fall within any of the three exceptions to the two-year time limitation established in rule 3.850(b). Our review of the record reveals that the facts on which all of Mr. Anton's claims are based were either known to him or should have been known to him by the exercise of reasonable diligence during the two-year period that began with the issuance of this court's mandate.

Conclusion
For these reasons, the postconviction court erred in concluding that Mr. Anton's motion was timely filed. However, the postconviction court denied the motion on the merits. Because the motion was untimely, we need not consider the merits of Mr. Anton's claims of ineffective assistance of counsel. Therefore, we affirm the postconviction court's denial of the motion.
Affirmed.
STRINGER and SILBERMAN, JJ., Concur.