KHOUZAM, Judge.
 

 Jose Oscar Perez challenges the trial court’s order dismissing as untimely his postconviction motion filed pursuant to
 
 *1228
 
 Florida Rule of Criminal Procedure 3.850. We reverse.
 

 With exceptions that are not applicable here, rule 3.850(b) provides that in a non-capital case, a motion for postconviction relief is timely if filed within the two-year period following the date on which the judgment and sentence become final. If the defendant files an appeal, the judgment and sentence become final when the appellate court issues its mandate — not its decision — on the direct appeal.
 
 See Anton v. State,
 
 976 So.2d 6, 8 (Fla. 2d DCA 2008) (citing
 
 Ward v. Dugger,
 
 508 So.2d 778, 779 (Fla. 1st DCA 1987)).
 

 This court affirmed Mr. Perez’s direct appeal on August 10, 2007.
 
 See Perez v. State,
 
 964 So.2d 744 (Fla. 2d DCA 2007). The mandate, however, did not issue until October 15, 2007. Thus, Mr. Perez’s motion for postconviction relief, which was filed on September 17, 2009, was timely.
 

 Accordingly, we reverse the postconviction court’s order and remand for the court to consider the timely-filed motion on its mei-its.
 

 DAVIS and WALLACE, JJ., Concur.