PER CURIAM.
Derrell J. Chamblee (Appellant) appeals his convictions of one count of racketeering (RICO) and numerous counts of grand theft. He also challenges the constitutionality of his concurrent sentences to 25 years’ incarceration under the Florida Criminal Punishment Code (the Code) for the first-degree felonies. § 921.002, Fla. Stat. (2003). He cites additional grounds on which the trial court allegedly erred. We affirm Issues I through IV without further discussion.
We write, however, on Issue V, which relates to the assessment of certain court costs, some of which were imposed contrary to the requirements of the applicable versions of the authorizing statutes. At sentencing, the trial court ordered Appellant to pay various charges, costs, and fees. In pertinent part, they are $225.00 as an “additional court cost” pursuant to section 938.05, Florida Statutes; $50.00 as a crime prevention court cost pursuant to section 775.083(2), ■ Florida Statutes; and $20.00 as a court cost surcharge in addition to any fine pursuant to section 938.06(1), Florida Statutes. Appellant preserved this issue by filing a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing errors. Thomas v. State, 76 So.3d 360 (Fla. 1st DCA 2011); Parker v. State, 44 So.3d 1190 (Fla. 1st DCA 2010). Because the trial court did not rule on this motion within sixty days of the filing date, it is deemed denied. Fla. R.Crim. P. 3.800(b)(2)(B); Long v. State, 886 So.2d 280, 281 (Fla. 1st DCA 2004). We have de novo review of the pure issue of law concerning the statutory requirements for imposing these amounts. T.L.S. v. State, 949 So.2d 290 (Fla. 5th DCA 2007).
By definition and nature, RICO encompasses an ongoing enterprise. §§ 895.02(1), (3)-(4) and 895.03(3), Fla. Stat. (2008); State v. Traylor, 77 So.3d 224, 227 (Fla. 5th DCA 2011). In the motion to correct, Appellant acknowledged his crimes were ongoing offenses that occurred between March 2003 and October 2008. “Felonies, except capital felonies, with continuing dates of enterprise shall be sentenced under the ... Code in effect on the beginning date of the criminal activity.” § 775.082(8)(e), Fla. Stat. (2003); see § 921.001(4)(b)3., Fla. Stat. (2003). Applying the same reasoning, Appellant contends that the governing statutes relating to the imposition of the various charges, costs, and fees are the versions that were in effect on the beginning date of his ongoing criminal enterprise, ie, in 2003. See Torres v. State, 42 So.3d 914 (Fla. 2d DCA 2010); Williamson v. State, 852 So.2d 880 (Fla. 2d DCA 2003); Cairl v. State, 833 So.2d 312 (Fla. 2d DCA 2003); Gross v. State, 820 So.2d 1043 (Fla. 4th DCA 2002) (affirming trial court’s decision, in ease involving ongoing criminal enterprise under RICO, to apply sentencing guidelines in effect at the beginning, rather than the end, of the continuing criminal activity). We agree with Appellant’s position.
In March 2003, the amount of the assessment that could be imposed for crime *1186 prevention was $200.00 for a felony. § 938.05(1)(a), Fla. Stat. (2003). -We therefore strike the assessment of $225.00 and direct the trial court to substitute a $200.00 court cost under the applicable version of the statute. Clavelle v. State, 80 So.3d 456 (Fla. 1st DCA 2012); Swift v. State, 53 So.3d 394 (Fla. 2d DCA 2011) (reducing assessment to the amount permitted under the version of section 938.05(1)(a) in effect at the time of the offenses).
The law in March 2003 allowed the imposition of a $50.00 fine for a felony conviction, so long as the court found the defendant had the ability to pay the fine and would not be prevented thereby from being rehabilitated or making restitution. § 775.083(2)(a)-(b), Fla. Stat. (2003). Because the trial court did not pronounce this fine or determine Appellant’s ability to pay, we must strike it. Love v. State, 992 So.2d 823 (Fla. 2d DCA 2008); Clark v. State, 963 So.2d 911 (Fla. 2d DCA 2007). On remand the trial court may re-impose this fine after making appropriate findings. Love, 992 So.2d at 824.
Given the State’s proper concession of error, we strike the $20.00 assessed as an additional surcharge pursuant to section 938.06(1), Florida Statutes (2003). Kimball v. State, 933 So.2d 1285 (Fla. 2d DCA 2006); Lang v. State, 856 So.2d 1105, 1106 (Fla. 1st DCA 2003).
We strike these three court costs and remand with instructions to the trial court to apply the 2003 versions of the statutes. We affirm the judgment and sentence in all other respects.
VAN NORTWICK, CLARK, and RAY, JJ., concur.