[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16452
_____

D.C. Docket No. 3:15-cv-00483-LC-CJK

DERRELL J. CHAMBLEE,

Petitioner-Appellant,

versus

STATE OF FLORIDA,
JULIE L. JONES,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 28, 2018)

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

BRANCH, Circuit Judge:

Derrell Chamblee, a Florida prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus as untimely. Chamblee argues that his § 2254 habeas corpus petition was not untimely because his state court judgment never became final within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") due to a remand order issued by the state appellate court in his direct appeal that the trial court never acted upon. He maintains that as long as the remand order is pending in the state trial court, his state court judgment never became final and AEDPA's one-year statute of limitations never started running. We affirm.

## I

In 2010, a Florida jury convicted Chamblee of 1 count of racketeering and 25 counts of grand theft. The state trial court entered a judgment sentencing Chamblee to 25 years in prison and ordering him to pay three different sums that are relevant to this appeal: (1) a $225 court cost under Fla. Stat. § 938.05; (2) a $20 court cost under Fla. Stat. § 938.06; and (3) a $50 fine under Fla. Stat. § 775.083(2). Chamblee appealed his conviction and sentence to the Florida First District Court of Appeal, arguing, among other things, that the trial court imposed the court costs and fine under the wrong version of the Florida Statutes.

On August 8, 2012, the First District Court of Appeal issued a decision affirming Chamblee's convictions and sentence, but reversing the imposition of the

2

court costs and the fine. See Chamblee v. State, 93 So. 3d 1184, 1186 (Fla. 1st

Dist. Ct. App. 2012). In short, the First District Court of Appeal held that the trial

court had applied the wrong versions of the cost and fine statutes, and that it should

instead have used the 2003 versions "that were in effect on the beginning date of

[Chamblee's] ongoing criminal enterprise." Id. at 1185. With respect to the first

court cost, the First District Court of Appeal struck the $225 assessment and

directed the trial court to substitute a $200 cost—the maximum amount that could

be levied for a felony under the law in 2003. Id. at 1185-86. The court struck the

$20 court cost assessment, noting that the State had conceded that it was imposed

in error. Id. at 1186. Finally, and most significantly here, the court held that the law

in 2003 "allowed the imposition of a $50.00 fine for a felony conviction," but only

"so long as the [trial] court found the defendant had the ability to pay the fine and

would not be prevented thereby from being rehabilitated or making restitution."[1]

Id. In Chamblee's case, the trial court had not determined his ability to pay it and

that he would not be prevented from being rehabilitated or making restitution.

Therefore, the First District Court of Appeal struck the fine. The court noted that

---

[1] The 2003 version of the Florida Statutes applicable in Chamblee's case referred to the $50 assessment as a "fine," but the statute was amended in 2004 and reclassified the $50 assessment as a "court cost." Compare Fla. Stat. § 775.083(2)(b) (2003) (providing that "[t]he fine is $50 for a felony. . . [and] the court may order the defendant to pay such fine if the court finds that the defendant has the ability to pay the fine and that the defendant would not be prevented thereby from being rehabilitated or making restitution"), with Fla. Stat. § 775.083(2) (2004) (providing that "[t]he court costs imposed by this section shall be $50 for a felony").

"[o]n remand the trial court may re-impose th[e] fine after making appropriate findings," thereby leaving the imposition of the fine to the trial court's discretion. Id. On August 24, 2012, the First District Court of Appeal issued the mandate in Chamblee's case. For reasons that remain unknown, the trial court never took—and still has not taken—any action in response to the remand order.[2]

Following his direct appeal, notwithstanding the pending remand order, Chamblee filed a motion for reduction of sentence, pursuant to Florida Rule of Criminal Procedure 3.800(c), on October 23, 2012. In its order denying the motion on the merits, the trial court stated that the direct appellate review process "was concluded on August 24, 2012."

Approximately a year and a half later, on May 20, 2014, Chamblee filed a counseled motion for post-conviction relief in the trial court, pursuant to Florida Rule of Criminal Procedure 3.850, followed by an amended motion. This motion was dismissed without prejudice because it was facially insufficient. Chamblee, through his counsel, filed a second amended Rule 3.850 motion on October 13, 2014. The state trial court denied the Rule 3.850 motion on the merits. Chamblee appealed and the First District Court of Appeal affirmed without written opinion on September 15, 2015.

---

[2] Notably, despite the fact that the trial court never took any action in response to the remand instructions, Chamblee never sought to enforce the mandate.

4

On October 28, 2015, Chamblee filed the underlying § 2254 federal habeas corpus petition, asserting several due process violations. The State filed a motion to dismiss the § 2254 petition as untimely, arguing that it was not filed within AEDPA's one-year limitations period under 28 U.S.C. § 2244(d)(1)(A).[3] In response, Chamblee argued for the first time that his state court judgment never became final because the trial court never acted on the remand order issued in his direct appeal.

The district court ultimately agreed with the State and dismissed Chamblee's § 2254 petition as untimely. The district court first observed that "[t]he parties do not assert, nor does it appear, that [Chamblee] could have sought direct review" of the First District Court of Appeal's August 2012 decision in the Florida Supreme Court—the reason being that Florida Rule of Appellate Procedure 9.030(a)(2) does not provide for discretionary review of such decisions. The district court then reasoned that "[b]ecause discretionary review in the Florida Supreme Court was not available," Chamblee's conviction became "final"—thereby starting AEDPA's one-year clock—when the "time for filing a petition for certiorari in the United States Supreme Court expired." That occurred, the district court concluded, "ninety days after entry of the First District Court of Appeal's August 8, 2012 decision"—

---

[3] Under AEDPA, § 2254 federal habeas corpus petitions are governed by a one-year limitations period that begins to run on the latest of four triggering events, including, as applicable in this case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

or November 6, 2012. Thus, the court concluded, that AEDPA's one-year limitation period expired at the latest in December 2013, long before Chamblee filed his § 2254 petition in October 2015, thereby rendering it untimely.[4] The district court denied Chamblee's request for a certificate of appealability.

Chamblee then moved in this Court for a certificate of appealability, which we granted on the following issue: "Whether the district court erred in determining that Chamblee's § 2254 petition was untimely based on its determination that the petition was not filed within one year of the date on which his conviction became final." Our review is *de novo*. *See Hepburn v. Moore*, 215 F.3d 1208, 1209 (11th Cir. 2000).

## II

For purposes of AEDPA, the relevant one-year limitations period applicable in this case runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under the federal habeas statute, as modified by AEDPA, a state habeas petitioner may challenge only the state-court judgment "pursuant to" which the petitioner is being held "in custody." 28 U.S.C. § 2254(a). Due to this restriction, the only "judgment that matters for purposes of [§] 2244 is

---

[4] The district court assumed without deciding that Chamblee was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) from October 23, 2012 until November 29, 2012, while his Rule 3.800(c) motion for reduction of sentence was pending in state court. Accordingly, the district court concluded that AEDPA's one-year limitation period expired in December 2013 rather than November 2013.

6

'the judgment authorizing the prisoner's confinement.'" Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc) (quoting Magwood v. Patterson, 561 U.S. 320, 332 (2010)); see also Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1293 (11th Cir. 2007) (addressing what constitutes a judgment for purposes of § 2244(d)(1)(A) and explaining that "the writ and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the petitioner in confinement"). Accordingly, for purposes of AEDPA and federal habeas review, the relevant judgment in this case is the 2010 criminal judgment authorizing Chamblee's confinement for a period of 25 years in the Florida Department of Corrections.[5]

---

[5] In Chamblee's direct appeal, the First District Court of Appeal expressly stated in its August 8, 2012 decision that it "affirm[ed] the judgment and sentence in all other respects." Chamblee, 93 So. 3d at 1186. Thus, the vacated $50 fine had no effect on the judgment that authorizes Chamblee's current detention, which is the "judgment that matters for purposes of [§] 2244." Patterson, 849 F.3d at 1325. In other words, Chamblee is being held (and will continue to be held regardless of whether the trial court re-imposes the vacated discretionary $50 fine) in custody pursuant to the 2010 judgment. Id. at 1327; see also Ferreira, 494 F.3d at 1292 (explaining that "the judgment to which AEDPA refers is the underlying conviction and most recent sentence *that authorizes the petitioner's current detention*" (emphasis added)). Even if the state trial court re-imposes the $50 fine, it will not create a "new judgment" or have any effect on the 2010 judgment because the $50 fine is unrelated to the authorization of Chamblee's confinement. See Patterson, 849 F.3d at 1326-27 (holding that a subsequent order that alters a sentence constitutes a new judgment for purposes of federal habeas review only if it authorizes or changes the petitioner's confinement, noting that state courts often make "[m]any ameliorative changes in sentences . . . as a matter of course, such as the removal of a fine or a restitution obligation," and, if each time this was done, it resulted in a new "judgment" for purposes of federal habeas review it would conflict with the "'central purpose'" of AEDPA "to ensure greater finality of state and federal judgments in criminal cases" (quoting Gonzalez v. Sec'y for Dep't of Corr., 366 F.3d 1253, 1269 (11th Cir. 2004) (en banc))).

Having identified the relevant judgment, we must determine whether the 2010 judgment was "final" for purposes of triggering the one-year limitations period of § 2244(d)(1)(A).[6] We do not need to grapple with the definition of finality—a legal term that "has been variously defined" depending on context—because federal law, or more precisely AEDPA itself, expressly defines finality of a state court judgment as "'the conclusion of direct review or the expiration of the time for seeking such review.'" Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (quoting 28 U.S.C. § 2244(d)(1)(A)).[7]

However, in order to determine whether the "entirety of the state direct appellate review process [has been] completed," as in Jimenez, this Court must look to the actions taken by the state court and the relevant state law. See id. at 120 (relying upon actions taken by a state court in re-opening direct review of a petitioner's conviction when determining whether entirety of the state appellate review process was completed for purposes of determining whether the petitioner's conviction was final for purposes of § 2244(d)(1)(A)). In this case, the state court

---

[6] We rely on Patterson only to identify the relevant judgment that we must scrutinize to determine whether it is final. The reason, as noted below, is that the Florida courts have themselves treated Chamblee's judgment of conviction and sentence as final.

[7] "[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the 'availability of direct appeal to the state courts,' and to [the United States Supreme Court] has been exhausted." Jimenez, 555 U.S. at 119 (citations omitted). "Until that time, the 'process of direct review' has not 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.'" Id. at 119-20 (quoting Barefoot v. Estelle, 463 U.S. 880, 887 (1983)). Consequently, AEDPA "requires a federal court, presented with an individual's first petition for habeas relief, to make use of the date on which the entirety of the state direct appellate review process was completed." Id. at 121.

treated Chamblee's judgment as final under Florida law, and, in habeas

proceedings, we are bound by a state court's interpretation of its own laws and

procedures. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ("We have repeatedly

held that a state court's interpretation of state law . . . binds a federal court sitting

in habeas corpus.").

Specifically, the First District Court of Appeal expressly stated in its

August 8, 2012 decision that, although it vacated two court costs and the $50 fine

(which the trial court could re-impose on remand if it elected to do so),[8] it

"affirm[ed] the judgment and sentence in all other respects." Subsequently, in

denying Chamblee's Rule 3.800(c) motion for reduction of sentence,

notwithstanding the remand order, the state trial court treated Chamblee's

judgment as final and expressly stated that the direct appellate review process "was

concluded on August 24, 2012"—the date the First District Court of Appeal's

mandate issued.[9] Further, by entertaining Chamblee's Rule 3.850

---

[8] Notably, under Florida law, although the trial court may re-impose the fine on remand, it may simply elect not to do so. See DeSalvo v. State, 107 So. 3d 1185, 1187 & n.3 (Fla. 1st Dist. Ct. App. 2013) (striking certain fines, costs, and fees, and noting that, although the trial court may re-impose some of the fines and costs on remand, it may be an "imprudent use of judicial resources" to conduct further proceedings to re-impose the stricken fines and costs on a defendant who is serving a lengthy sentence).

[9] The conclusion that the direct appellate review process was complete with regard to Chamblee's convictions and sentence, notwithstanding the pending remand order, is consistent with Florida law. See Anton v. State, 976 So. 2d 6, 8-9 (Fla. 2d Dist. Ct. App. 2008) (expressly rejecting the contention that the trial court's actions on remand in correcting a judgment were an extension of the "direct review proceedings"). Specifically, in Anton, the state appellate court held that the defendant's judgment and sentence became final and "[t]he appellate process [was] completed on the date the mandate [was] issued," notwithstanding a pending remand order which

9

post-conviction motion on the merits, the state trial court and the First District

Court of Appeal—the same court that vacated the court costs and fine and

remanded on that issue—expressly treated the entirety of the state direct appellate

review process as complete (notwithstanding the pending remand order), because

in order to pursue post-conviction relief under Florida law, the judgment and the

sentence must first be final. See Fla. R. Crim. P. 3.850(b) (providing that "[n]o

other motion shall be filed or considered pursuant to this rule if filed more than 2

years after the judgment and sentence become final"); Brigham v. State, 950 So. 2d

1274, 1275 (Fla. 2d Dist. Ct. App. 2007) ("Implicit in [Rule 3.850] is the

requirement that the judgment and sentence be final before the motion is filed.").

Because the state courts treated Chamblee's judgment of conviction and sentence

as final and the entirety of the state appellate review process as complete, we

should as well.[10] Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1355 (11th Cir.

---

the trial court did not act on for six years, that directed the trial court to correct the judgment and sentence to reflect that the offense of conviction was a second-degree felony, not a first-degree felony. Id. (first alteration in original). Although Anton involved a remand for a non-discretionary correction of a judgment while the trial court in Chamblee's case has the purely discretionary authority on remand to re-impose the vacated $50 fine provided that it conducts additional fact-finding, this is a distinction without a difference as it applies in this case. Anton made clear that "[t]he [state direct review] appellate process is completed on the date the mandate is issued," and actions taken by the trial court on remand are not "an extension of the direct review proceedings" because "the trial court does not participate in the 'review' of its own decisions." Id. at 9 (quotations omitted).

[10] To the extent that Chamblee's argument before us—that his state court judgment is not final because of the pending remand order—implies that the state court erred in treating his judgment as final under Florida law, that is a matter he should have raised in the state court, but failed to do so. Notably, if in the future, Chamblee were to successfully raise this argument in

10

2005) ("State courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." (quoting Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir. 1997))).

In sum, notwithstanding the pending remand order, Chamblee's judgment was final under Florida law and the entirety of the state appellate review process was complete when the First District Court of Appeal issued its decision "affirm[ing] the judgment and sentence in all other respects" on direct appeal.[11] Chamblee, 93 So. 3d at 1186. Because Chamblee did not seek direct review of the First District Court of Appeal's decision in the United States Supreme Court, his judgment became "final," as that term is defined in § 2244(d)(1)(A), for purposes of triggering AEDPA's limitations period upon the "expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

---

state court and the state court reopened his direct review proceedings, then, as in Jimenez, that would also reopen the one-year limitations period under § 2244(d)(1)(A).  555 U.S. at 120-21 (holding that because the state appellate court granted the petitioner's out of time appeal and reopened the direct review proceedings it reopened the limitations period under § 2244(d)(1)(A), which "carries out AEDPA's goal of promoting comity, finality, and federalism by giving state courts the first opportunity to review [the] claim, and to correct any constitutional violation in the first instance" (alteration in original) (quotations omitted)). However, until that happens, the mere "possibility that the state court may reopen direct review" if the trial court re-imposes the discretionary fine, "does not render convictions and sentences that are no longer subject to direct review nonfinal." Id. at 120 n.4 (quoting Beard v. Banks, 542 U.S. 406, 412 (2004)).

[11] As discussed above, Chamblee could not have sought further review of the First District Court of Appeal's decision in the Florida Supreme Court because Florida Rule of Appellate Procedure 9.030(a)(2) does not provide for discretionary review of such decisions. See Fla. R. App. P. 9.030(a)(2).

11

Therefore, Chamblee's judgment was final for purposes of triggering the AEDPA's limitations period on November 6, 2012, when the 90-day window for filing a petition for a writ of certiorari in the United States Supreme Court seeking direct review of the First District Court of Appeal's decision affirming his convictions and sentence expired. See Sup. Ct. R. 13.1. At that time, Chamblee had a Rule 3.800(c) motion for reduction of sentence pending in state court, which entitled him to statutory tolling until the state court disposed of the motion on November 29, 2012. See Rogers v. Sec'y, Dep't of Corr., 855 F.3d 1274, 1277 (11th Cir. 2017) (holding that "a Rule 3.800(c) motion is an application for collateral review, which tolls the limitations period for a federal habeas petition"). Thus, as the district court concluded, the one-year limitations period under § 2244(d)(1)(A) expired at the latest on December 2, 2013.[12] Consequently, his § 2254 federal habeas petition filed almost two years later on October 28, 2015 was untimely.

For these reasons, we **AFFIRM**.

---

[12] Because November 30, 2013, was a Saturday, the limitations period did not expire until the end of the following business day. See Fed. R. App. P. 26(a)(1)(C) (providing that, if the last day of the period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

NEWSOM, Circuit Judge, concurring:

I concur in the judgment affirming the district court's dismissal of Chamblee's 28 U.S.C. § 2254 petition as untimely, and I join the majority opinion. I write separately only to mark what I take to be the limits of our decision.

As a matter of first principles, so to speak, I think it's a close and difficult question whether the Florida trial court's August 2010 judgment here was (ever) sufficiently "final" to start Chamblee's one-year federal-habeas clock. As the majority opinion correctly explains, that judgment—the only state-court judgment at issue in this case—embodied (1) a criminal conviction, (2) an associated 25-year prison sentence, and (3) a series of fines and court costs. And while, as the majority also explains, the Florida First District Court of Appeal "affirm[ed] th[at] judgment and sentence in all *other* respects" in August 2012, it—and herein lies the difficulty—vacated one of the criminal fines and remanded to the trial court to allow for additional factfinding, which (so far as we know) *still* hasn't occurred. *Chamblee v. State*, 93 So. 3d 1184, 1186 (Fla. Dist. Ct. App. 2012) (emphasis added). In the usual way of thinking about such things, that just doesn't sound very "final" to me.

I suppose one might say that even if the fine *aspect* of the 2010 judgment isn't final, the conviction and prison *aspects* certainly are—and that because under AEDPA's plain terms only the part of the judgment that imposed "custody" is

13

subject to challenge on federal habeas, 28 U.S.C. § 2254(a), that's the only part that counts. And indeed, in *Patterson v. Secretary of Florida Department of Corrections*, we observed that the only "judgment that matters"—at least for purposes of determining whether a federal habeas petition is impermissibly successive—"is the judgment authorizing the prisoner's confinement." 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc) (citation omitted). But *Patterson* addressed a different issue—there, we held simply that a state prisoner, having once challenged his conviction and confinement under § 2254, could not thereafter launch a "new round of federal habeas review" on the ground that a second, separate state-court order commuting a non-custodial aspect of his criminal sentence (in that case, chemical castration) constituted an entirely new, process-restarting "judgment." *Id.* at 1327. Here, all agree that there was (and is) only one judgment—the August 2010 judgment, which embodied Chamblee's conviction, his prison sentence, and the fines and costs. The sole question is whether that singular judgment was (or is) "final" within the meaning of 28 U.S.C. § 2244. Speaking for myself, it's not immediately apparent that anything in either *Patterson* or § 2254(a)'s "custody"-based limitation on the substantive scope of any eventual habeas challenge necessarily requires the conclusion that the lone judgment at issue here—which, again, entailed not only a conviction and prison

14

sentence but also a fine that was vacated on appeal and remanded for additional factfinding—was sufficiently "final" to start Chamblee's one-year clock.

Happily, we needn't decide today whether as a general matter—under the logic of *Patterson* or otherwise—we can parse the custodial and non-custodial aspects of a single, unitary state-court judgment for purposes of evaluating finality under § 2244.  The reason, as the majority correctly explains, is that in entertaining Chamblee's *state* post-conviction challenges on the merits, the Florida courts themselves unquestionably treated the August 2010 judgment as final.  In denying Chamblee's Rule 3.800(c) motion for reduction of sentence, for instance, the state trial court—the same court before which the fine-related issue was (and still is?) pending on remand—expressly stated—despite the remand—that the direct-appeal process had "concluded on August 24, 2012," when the First DCA issued its mandate affirming Chamblee's conviction and prison sentence and remanding the fine.  So too, the state trial court—again, the same one—later entertained, and denied on the merits, Chamblee's Rule 3.850 post-conviction motion, which it was authorized to do under Florida law *only* if the underlying 2010 judgment was in fact "final."  *See, e.g.*, Fla. R. App. P. 3.850(b) (prescribing two-year time limit from the date "the judgment and sentence become final"); *Brigham v. State*, 950 So. 2d 1274, 1275 (Fla. Dist. Ct. App. 2007) (observing that Rule 3.850 "require[s] that the judgment and sentence be final before the motion is filed").

15

The Florida courts' treatment of the August 2010 judgment as final is conclusive. It is hornbook law "state courts are the ultimate expositors of state law," *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975), and, more particularly here, that "a state court's interpretation of state law … binds a federal court sitting in habeas corpus," *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also, e.g.*, *Herring v. Secretary, Department of Corrections*, 397 F.3d 1338, 1355 (11th Cir. 2005) ("State courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters."). In both word and deed, the Florida courts have determined that Chamblee's criminal judgment *was* "final" as of August 24, 2012, when the DCA issued its mandate to enforce its direct-appeal decision. For better or worse—rightly or wrongly—that determination binds us here.