NEWSOM, Circuit Judge, concurring:
I concur in the judgment affirming the district court's dismissal of Chamblee's 28 U.S.C. § 2254 petition as untimely, and I join the majority opinion. I write separately only to mark what I take to be the limits of our decision.
As a matter of first principles, so to speak, I think it's a close and difficult question whether the Florida trial court's August 2010 judgment here was (ever) sufficiently "final" to start Chamblee's one-year federal-habeas clock. As the majority opinion correctly explains, that judgment-the only state-court judgment at issue in this case-embodied (1) a criminal conviction, (2) an associated 25-year prison sentence, and (3) a series of fines and court costs. And while, as the majority also explains, the Florida First District Court of Appeal "affirm[ed] th[at] judgment and sentence in all other respects" in August 2012, it-and herein lies the difficulty-vacated one of the criminal fines and remanded to the trial court to allow for additional factfinding, which (so far as we know) still hasn't occurred. Chamblee v. State , 93 So.3d 1184, 1186 (Fla. Dist. Ct. App. 2012) (emphasis added). In the usual *1199 way of thinking about such things, that just doesn't sound very "final" to me.
I suppose one might say that even if the fine aspect of the 2010 judgment isn't final, the conviction and prison aspects certainly are-and that because under AEDPA's plain terms only the part of the judgment that imposed "custody" is subject to challenge on federal habeas, 28 U.S.C. § 2254(a), that's the only part that counts. And indeed, in Patterson v. Secretary of Florida Department of Corrections , we observed that the only "judgment that matters"-at least for purposes of determining whether a federal habeas petition is impermissibly successive-"is the judgment authorizing the prisoner's confinement." 849 F.3d 1321, 1325 (11th Cir. 2017) (en banc) (citation omitted). But Patterson addressed a different issue-there, we held simply that a state prisoner, having once challenged his conviction and confinement under § 2254, could not thereafter launch a "new round of federal habeas review" on the ground that a second, separate state-court order commuting a non-custodial aspect of his criminal sentence (in that case, chemical castration) constituted an entirely new, process-restarting "judgment." Id . at 1327. Here, all agree that there was (and is) only one judgment-the August 2010 judgment, which embodied Chamblee's conviction, his prison sentence, and the fines and costs. The sole question is whether that singular judgment was (or is) "final" within the meaning of 28 U.S.C. § 2244. Speaking for myself, it's not immediately apparent that anything in either Patterson or § 2254(a)'s "custody"-based limitation on the substantive scope of any eventual habeas challenge necessarily requires the conclusion that the lone judgment at issue here-which, again, entailed not only a conviction and prison sentence but also a fine that was vacated on appeal and remanded for additional factfinding-was sufficiently "final" to start Chamblee's one-year clock.
Happily, we needn't decide today whether as a general matter-under the logic of Patterson or otherwise-we can parse the custodial and non-custodial aspects of a single, unitary state-court judgment for purposes of evaluating finality under § 2244. The reason, as the majority correctly explains, is that in entertaining Chamblee's state post-conviction challenges on the merits, the Florida courts themselves unquestionably treated the August 2010 judgment as final. In denying Chamblee's Rule 3.800(c) motion for reduction of sentence, for instance, the state trial court-the same court before which the fine-related issue was (and still is?) pending on remand-expressly stated-despite the remand-that the direct-appeal process had "concluded on August 24, 2012," when the First DCA issued its mandate affirming Chamblee's conviction and prison sentence and remanding the fine. So too, the state trial court-again, the same one-later entertained, and denied on the merits, Chamblee's Rule 3.850 post-conviction motion, which it was authorized to do under Florida law only if the underlying 2010 judgment was in fact "final." See, e.g. , Fla. R. App. P. 3.850(b) (prescribing two-year time limit from the date "the judgment and sentence become final"); Brigham v. State , 950 So.2d 1274, 1275 (Fla. Dist. Ct. App. 2007) (observing that Rule 3.850"require[s] that the judgment and sentence be final before the motion is filed").
The Florida courts' treatment of the August 2010 judgment as final is conclusive. It is hornbook law "state courts are the ultimate expositors of state law," Mullaney v. Wilbur , 421 U.S. 684, 691, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and, more particularly here, that "a state court's interpretation of state law ... binds a federal court sitting in habeas corpus," Bradshaw v. Richey , 546 U.S. 74, 76, 126 S.Ct. 602, 163 L.Ed.2d 407 (2005) ; see also, e.g. , *1200 Herring v. Secretary, Department of Corrections , 397 F.3d 1338, 1355 (11th Cir. 2005) ("State courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters."). In both word and deed, the Florida courts have determined that Chamblee's criminal judgment was "final" as of August 24, 2012, when the DCA issued its mandate to enforce its direct-appeal decision. For better or worse-rightly or wrongly-that determination binds us here.